UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT EARL TAYLOR, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1849** |
| **ROBERT TANNER, THOMAS SCHULLER** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

Before the court is a **Motion for Temporary Restraining Order (Rec. Doc. No. 6)** filed by the *pro se* plaintiff, Robert Earl Taylor, Jr., an inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Taylor moves the Court for a Temporary Restraining Order ("TRO") to prevent the security staff at RCC to refrain from taking any action to interfere with his efforts to litigate his civil rights complaint. There is no indication in the record that Taylor served a copy of the motion on the defendants nor have the defendants replied to the motion.

### I. Factual Background

In his complaint, Taylor alleges that on June 9, 2011, Correctional Officer, Thomas Schuller, drew his weapon, cocked it, and aimed it at him. Another guard, Correctional Officer McBeth, witnessed the incident and yelled for Schuller to come out of the "Blueberry patch" with his weapon drawn near inmates. He alleges that Schuller uttered profanity and complied with her request, after waiving his weapon around. McBeth "activated the beeper," and Captain Knight arrived to find out

what occurred. Taylor claims that McBeth explained the events to him and told Knight that she feared that she could have been shot by Schuller.

Taylor further alleges that he told Warden Tanner about the incident. He claims that Warden Tanner told him that if he had not "run up" on the officer, he would not have drawn his weapon. He also claims that the Warden told him to "write a letter." As relief, he seeks monetary damages, a transfer to another institution, and to have the defendants demoted and fired from their positions.

The Court held a *Spears* Hearing[1] on October 2, 2012. However, the testimony at the hearing provided no further basis to grant this motion.

## II.    Analysis

Taylor has filed a motion seeking a temporary restraining order seeking an order from this Court directing the security staff at RCC, particularly the staff in Sleet Yard Extended Lock-down (Special Management Unit) to refrain from taking any action to interfere with his efforts to litigate this case. In his form motion, Taylor alleges that RCC officials has threatened him with unwarranted disciplinary charges and physical and mental abuse. He claims that if relief is not granted, the security staff will have an opportunity to "chip away" at his rights leaving him no ability to seek redress. He also claims that he will suffer irreparable harm if the TRO is not granted.

A temporary restraining order may only be granted under Fed. R. Civ. P. 65(b) if there is: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause on the opponent; and (4) the injunctive relief will not do disservice

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

to the public interest. *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987); *Patterson v. Orleans Parish D.A. Office*, No. 06-7322, 2008 WL 915447, at *4 (E.D. La. Mar. 31, 2008) (Lemelle, J.); *Bergquist v. FYBX Corp.*, No. 02-722, 2003 WL 21488117, at *1 (E.D. La. June 20, 2003) (Vance, J.). The requisite showing is "a substantial threat of irreparable injury if the injunction is not issued." *DSC Commc'ns Corp. v. OGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

Furthermore, Fed. R. Civ. P. 65(b) also provides that the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only when "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

In the instant case, Taylor has failed to meet this heavy burden or show a basis for relief, especially without due notice to the defendants. As an initial matter, Taylor does not present any facts by affidavit to support his claims, and his motion is not verified. He fails to show that he has made any effort to advise the defendants of his request for a temporary restraining order or provide reasons why such notice should not be required. He therefore is not entitled to relief without written notice to the defendants.

Further, Taylor has not alleged any specific facts to show that an immediate and irreparable injury, loss, or damage will result to him. Indeed, the actions complained of appear to be unrelated to his claim that an officer drew a gun on him in June of 2011. The arguments are also speculative, suggesting only the potential for retaliatory acts or future harm.

In addition, although the Court held a *Spears* Hearing, Taylor did not discuss or show that there was a substantial likelihood that his cause will succeed on the merits. First, the incident addressed in

Taylor's petition does not speak to a constitutional violation. He only alleges that an officer pointed a gun at him, and he was at best frightened by the situation. Nothing he alleges in the complaint, or his motion, rises to the level of a compensable constitutional violation. *See, e.g.*, *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1229-30 (5th Cir. 1988) (fear alone caused as a result of officer pointing gun at the plaintiff did not rise to the type of injury compensable under § 1983)).

Second, accepting Taylor's allegation that the event occurred on June 9, 2011, his petition may be untimely. Federal law provides for a § 1983 claim in Louisiana to be filed within one year of the occurrence of the alleged violation. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). The clerk of this Court filed Taylor's complaint on July 18, 2012, when pauper status was granted.[2] In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Taylor signed his petition on July 11, 2012, which is presumed to be the earliest date on which he could have given the pleadings to prison officials for mailing to the Court. His complaint appears to be untimely filed and subject to dismissal for that reason. Taylor can not show a likelihood of success on a prescribed claim.

In addition, nothing Taylor complains of is beyond reparation by monetary compensation. A restraining order should only be issued when "a substantial threat of harm to the movant . . . cannot be compensated by money." *Harvey Barnett, Inc. v. Shidler*, 143 F. Supp. 2d 1247, 1255 (D. Colo. 2001) (internal quotation marks omitted). His claims involve only threats with no actual physical injury. There is nothing alleged that could not be compensated by monetary relief if proven to be redressable under § 1983.

---

[2]Rec. Doc. Nos. 1, 3.

As mentioned above, the Court has not yet completed its frivolousness review under 28 U.S.C. §§ 1915 *et seq*. and 42 U.S.C. § 1997e. At this time, considering the current record and pleadings, Taylor has failed to establish the need for issuance of a temporary restraining order. Taylor has not presented any well-pleaded facts to show, or facts from which it can be inferred, that irreparable harm has occurred or is likely to occur. Furthermore, any injury he has or may sustain for which the defendants are liable can be compensated monetarily. The motion should be denied.

### III. Recommendation

For the foregoing reasons, it is therefore **RECOMMENDED** that Taylor's **Motion for Temporary Restraining Order (Rec. Doc. No. 6)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 23rd day of October, 2012.

                                            **KAREN WELLS ROBY**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.