UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT EARL TAYLOR, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1849** |
| **ROBERT TANNER, THOMAS SCHULLER** | **SECTION "G"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Appoint Counsel (Rec. Doc. No. 13)** filed by the *pro se* plaintiff, Robert Earl Taylor, Jr. Taylor alleges in the motion that he needs counsel to assist him with the presentation of his case, because the prison's inmate counsel substitutes are not qualified and trained to assist him with this civil suit, he is not trained in the law, and he is unable to afford counsel.

A District Court should only appoint counsel in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). The plaintiff's case is not an exceptional one under these factors.

After reviewing Taylor's petition and having received his testimony at the *Spears* Hearing held October 2, 2012,[1] the Court does not find that the issues are complex or that Taylor is unable to adequately present his case without assistance of counsel. The case itself is not so complicated that he will be unable to proceed without counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). To the contrary, although he may not be trained in the law, Taylor has demonstrated the ability to express his factual and legal arguments and to understand the issues involved in his case.

In addition, in response to the Court's Order, Taylor indicates that he has attempted to retain counsel to no avail.[2] Among the negative replies he has received from several law firms or clinics, Taylor received one letter from an attorney, Donna U. Grodner, in Baton Rouge, Louisiana, who told Taylor to provide her "with a list of any witnesses you may have and their DOC numbers. I will be glad to look into your case, however, I can not agree to represent you at this time without further information."[3] She further wrote, "[p]lease provide the witness information and details on what cause [sic] him to pull his weapon and we will look into your claim." Taylor does not indicate in his pleadings that he made any effort to provide Ms. Grodner with the additional information

---

[1] Rec. Doc. No. 12. Under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the Court may conduct a hearing to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. Nos. 15, 16.

[3] Rec. Doc. No. 16-1, p.6.

requested to further facilitate the possibility of representation. Taylor, therefore, was not diligent in his efforts to pursue retained counsel before seeking appointed counsel. Accordingly,

**IT IS ORDERED** that Taylor's **Motion to Appoint Counsel (Rec. Doc. No. 13)** is **DENIED**.

New Orleans, Louisiana, this  20th  day of February, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**