UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT EARL TAYLOR, JR.**                               **CIVIL ACTION**

**VERSUS**                                                **NO. 12-1849**

**ROBERT TANNER,**                                        **SECTION "G"(4)**
**THOMAS SCHULLER**

# REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  On October 2, 2012, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 12.  The plaintiff was sworn prior to testifying.

**I.     Factual Background**

The plaintiff, Robert Earl Taylor, Jr., is an inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.[3] Taylor filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against RCC Warden Robert Tanner and Correctional Officer Thomas Schuller alleging that Officer Schuller pointed a gun at him.

Taylor alleges that, on June 9, 2011, Officer Schuller, drew his weapon, cocked it, and aimed it at him for no apparent reason. Another guard, Correctional Officer McBeth, witnessed the incident and yelled for Schuller to come out of the "Blueberry patch" with his weapon drawn near inmates. He alleges that Schuller uttered profanity and complied with her request after waiving his weapon around. McBeth "activated the beeper," and Captain Knight arrived to find out what occurred. Taylor claims that McBeth explained the events to him and told Knight that she feared that she could have been shot by Schuller.

Taylor further alleges that he told Warden Tanner about the incident. He claims that Warden Tanner told him that if he had not "run up" on the officer, he would not have drawn his weapon. He also claims that the Warden told him to "write a letter."

At the *Spears* Hearing, Taylor reiterated the facts forming the basis of his claims against Officer Schuller. As relief, he seeks monetary damages, a transfer to another institution, and to have the defendants demoted and fired from their positions.

**II.    Standards of Review for Frivolousness**

Titles 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.

---

[3]Rec. Doc. No. 1.

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotation omitted). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

   **A.   The Complaint was Untimely Filed**

Taylor alleges that the events forming the basis of his complaint occurred on June 9, 2011, while he was in the prison yard at RCC. The § 1983 claims he presents here have prescribed and can be dismissed for that reason.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. *Wallace v.*

*Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[4]  *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action, similar to a Louisiana tort claim, accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Wallace*, 549 U.S. at 388; *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  The Supreme Court has held that the limitations period begins to run at the point when "the plaintiff can file suit and obtain relief."  *Wallace*, 549 U.S. at 388 (citations omitted).

Thus, for purposes of this lawsuit, Taylor would have had one year from the date of his injury or damage to bring both his § 1983, and any state tort claims, against the defendants.  According to Taylor, he knew immediately that he was in fear of his life when the gun was pointed at him.  He therefore had one year, or until June 8, 2012, to file this civil rights lawsuit.

The clerk of this Court filed Taylor's complaint on July 18, 2012, when pauper status was granted.[5]  In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes.  *Medley v. Thaler*, 660

---

[4]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

[5]Rec. Doc. Nos. 1, 2, 3.

4

F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Taylor dated his signature on the complaint on July 11, 2012, which is the earliest date appearing in the record on which he could have given the pleadings to prison officials for mailing to this Court.

Therefore, Taylor's complaint deemed filed on July 11, 2012, was filed over one month after the limitations period expired on June 8, 2012.  For this reason, his complaint should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e.

### B.   The Claims Are Legally Frivolous

Even if Taylor's complaint is considered timely filed, he has failed to raise a constitutional issue compensable under § 1983.  Taylor alleges that an officer pointed a gun at him which frightened him.

Section 1983, provides a federal cause of action against any person, who, acting under color of state law, deprives another of his constitutional rights.  42 U.S.C. § 1983; *see Will v. Mich. Dep't of St. Police.*, 491 U.S. 58, 66, 68 (1989).  A plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.  *See Flagg Bros.*, *Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *see generally Polk Country v. Dodson,* 454 U.S. 312 (1981).

Taylor has not alleged a violation of a constitutional right that would entitle him to redress under § 1983.  Pointing a gun at an inmate is not enough to state a claim of excessive force or violation of any other constitutional right.  *See Gonzales v. Flanagan*, 102 F. App'x 404, 404 (5th Cir. 2004) (officer's brandishing her weapon did not cause any injury to prisoner-plaintiff and did not amount to excessive force) (citing *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1229-30 (5th

Cir. 1988) (fear alone caused as a result of officer pointing gun at the plaintiff did not rise to the type of injury compensable under § 1983).

In addition, Taylor's fear and distress as a result of the pointed weapon are not compensable damages under § 1983.  *Hinojosa*, 834 F.2d at 1229-30.  Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury."  The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant.  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719, quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  In this case, Taylor has not alleged any physical injury as a result of the incident forming the basis of his complaint.  His claims seeking monetary relief should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e.

**C.      No Right to a Transfer**

In addition to monetary damages, Taylor seeks injunctive relief in the form of a transfer to another institution.  It is well settled, however, that a prisoner has no protected right arising from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002).  Further, a prisoner has no liberty or protected property interest in being housed in any particular facility where the state statute vests discretion to the state officials to carry out their official function of

placing inmates.  *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989); *Maddox v. Thomas*, 671 F.2d 949, 950 (5th Cir. 1982).  Under La. Rev. Stat. Ann. § 15:824, the Director of Corrections is authorized to decide to which penal institution an inmate should be delivered or transferred.  The Director of Corrections has broad discretion regarding the placement and transfer of state prisoners. *See Santos v. La. Dept. of Corr. Secretary*, No. 95-4125, 1996 WL 89260, at *4 (E.D. La. Feb. 28, 1996) (noting that La. Rev. Stat. Ann. § 15:824(A) and (B) do not give DOC prisoners a constitutionally protected right to be housed in a particular facility); *see also* La. Rev. Stat. Ann. § 15:566(B); *State v. Sylvester*, 648 So.2d 31, 33 (La. App. 4th Cir. 1994).

Thus, the State of Louisiana by its broad discretionary statutes has not created a protected liberty interest in being housed in a particular prison or being transferred from one prison to another. *Santos*, 1996 WL 89260 at *4.  Therefore, Taylor has no constitutional right to a transfer, and his request for transfer is frivolous.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Taylor's § 1983 complaint against be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 16th day of April, 2013.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.