UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT EARL TAYLOR, JR.**                               **CIVIL ACTION**

**VERSUS**                                                **NO. 12-1849**

**ROBERT TANNER, ET AL.**                                 **SECTION: "G"(4)**

## ORDER AND REASONS

This civil rights case arises from a June 2011 incident during which a state prison guard allegedly waved his gun at prisoners serving on a work detail. Before the Court are Plaintiff Robert Earl Taylor, Jr.'s objections[1] to the April 17, 2013, Report and Recommendation[2] of United States Magistrate Judge Karen Wells Roby, wherein she recommends that the Court dismiss with prejudice Taylor's complaint against Defendant Robert Tanner and Defendant Thomas Schuller (collectively, "Defendants"). The Court has considered Taylor's objections, the record, and the applicable law. For the reasons that follow, the Court will adopt the Report and Recommendation and dismiss Taylor's claims with prejudice.

## I. Background[3]

Taylor is an inmate in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.[4] Defendant Schuller was a correctional officer at RCC during the relevant period, and Defendant Tanner is the RCC warden.[5]

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 21.

[3] The following background derives from Taylor's complaint, and the Court will consider allegations as true for the purposes of considering Taylor's objections.

[4] Rec. Doc. 1.

[5] *Id.*

1

Taylor alleges that on June 9, 2011, Defendant Schuller drew, cocked, and aimed his firearm at Taylor while he was serving on a work detail in the prison's blueberry patch.[6] Schuller, a correctional officer at RCC, "began to yell obscene language" and was "waving his weapon."[7] Taylor alleges that another correctional officer yelled for Schuller to "get out of the Blueberry patch with the weapon drawn with the inmates."[8] Defendant Tanner, the RCC warden, allegedly blamed Taylor and possibly other inmates for Schuller's conduct.[9] In particular, Taylor quotes the warden as saying: "[i]f y'all wouldn't have ran up [sic] on my officer, he wouldn't have drawn his weapon."[10] Tanner then allegedly told Taylor to "write a letter."[11]

Taylor filed this *pro se* complaint *in forma pauperis* against Defendants on July 18, 2012,[12] effectively alleging that Defendants violated his constitutional rights and are liable under 42 U.S.C. § 1983. Taylor requests that the Defendants "be demoted or removed" from RCC and seeks monetary damages and transfer to another institution.[13]

On October 2, 2012, Magistrate Judge Karen Wells Roby conducted a hearing, pursuant to *Spears v. McCotter*,[14] by which the court sought to establish both Taylor's factual allegations against Defendants and the legal basis, if any, supporting his claim that Defendants violated his

---

[6] *Id.* at p. 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] 766 F.2d 179 (5th Cir. 1985).

constitutional rights and his request for monetary damages and other relief.[15] After the *Spears* hearing, the magistrate judge issued a Report and Recommendation on April 17, 2013, in which she recommended that this Court dismiss Taylor's claim on two grounds. First, the magistrate judge found that Taylor's claims under 42 U.S.C. § 1983 are untimely and thus fail to state a claim for which relief may be granted.[16] Second, she recommends dismissal of Taylor's claims because they are legally frivolous. On May 1, 2013, the deadline for any objections to the Report and Recommendation to be filed, Taylor mailed a letter to the Clerk of Court.[17] The Court has construed the letter as an objection to the Report and Recommendation.

## II. Objections

Taylor's letter states that he has tried to obtain legal representation regarding this case "to no avail."[18] He argues that he knows "nothing of the law nor the procedures," and he contends that Defendant Schuller "has never been informed" of Taylor's lawsuit against him.[19] He concludes:

> I did what I thought was correct and obviously it was incorrect. I'm a layman to the law and I'm not a litigator. I need help and I was told I can write the Clerk of Court for assistance. My help here is not allowed to assist in civil cases. Send me in the correct direction. My case can be proven, I just need proper legal help/counsel.[20]

---

[15] Rec. Doc. 12.

[16] Rec. Doc. 21 at pp. 3-5.

[17] *See* Rec. Doc. Nos. 21, 22. Taylor's letter to the Clerk of Court is dated April 28, 2013, and the timestamp on Taylor's envelope indicates that he mailed it on May 1, 2013. *Id.* 22 at p. 3.

[18] Rec. Doc. 22.

[19] *Id.* The summons attempted on Schuller was returned unexecuted on August 15, 2012. Rec. Doc. 7. The U.S. Marshals Service reported that Schuller no longer was employed at RCC.

[20] *Id.*

### III. Law and Analysis

*A. Applicable Law*

    *1. Review of Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States magistrate judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the district court judge in accordance with the magistrate judge's findings of fact and determinations of law.[21] The district court must review the matter de novo upon any party's timely objection to the magistrate judge's Report and Recommendation.[22]

    *2. Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[23] A complaint is frivolous if it lacks an arguable basis in law or fact.[24] A claim has no arguable basis in law if "it is based on an indisputably meritless legal theory."[25] It lacks a basis in fact if "the facts alleged are clearly baseless."[26] If a court finds that his claims are frivolous, the court must dismiss the claims *sua sponte*.[27]

---

[21] 28 U.S.C. § 636(b)(1)(B).

[22] Fed. R. Civ. P. 72(b)(3).

[23] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

*B. Application*

   *1. Timeliness of Taylor's Complaint*

A United States district court looks to the forum state's personal-injury limitations period to determine whether a section 1983 claim is time-barred.[28] The applicable statute of limitations in Louisiana is one year.[29] Therefore, Taylor had to file his complaint within one year from the date he knew or had reason to know of the injury forming the basis of his cause of action.[30] The "mailbox rule" applies to *pro se* prisoner filings, and so they are deemed filed when they are deposited into the prison mail system—rather than on the date they are filed with the court.[31]

Taylor alleges that the incident giving rise to his injuries occurred on June 9, 2011.[32] However, he signed and dated his complaint on July 11, 2012, more than one year later. Therefore, Taylor did not file his complaint before the expiration of the one-year statute of limitations period. Accordingly, the Court finds that the complaint is time-barred and therefore fails to state a claim for which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c).

   *2. Frivolousness of Taylor's Complaint*

Magistrate Judge Roby further found that even if Taylor had filed his complaint within the statute of limitations, the merits of his claims are legally frivolous because he has not alleged a violation of a constitutional right that would entitle him to redress.[33] Moreover, Magistrate Judge

---

[28] *Jacobsen v. Osborne*, 133 F.3d 315, 318-19 (5th Cir. 1998) (citations omitted).

[29] *Id.* at 319.

[30] *Id.*

[31] *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

[32] Rec. Doc. 1.

[33] Rec. Doc. 21 at p. 5.

Roby found that Taylor's request to be transferred to another penal institution also lacks any legal basis.[34]

Section 1983 provides a cause of action against anyone who deprives another of his constitutional rights while acting under color of state law.[35] The Fifth Circuit has held in other contexts, however, that the brandishing of a gun by a law enforcement officer, by itself, is insufficient to state a claim of excessive force or violation of any constitutional right.[36] Moreover, 42 U.S.C. § 1997e(e) provides that an inmate, such as Taylor, cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." As the magistrate judge highlighted, and as the Fifth Circuit has made clear, any fear or distress that Taylor suffered as a result of the June 9, 2011, incident "are not compensable damages under § 1983."[37]

Here, Taylor has alleged only that Defendant Schuller drew his weapon, aimed it at Taylor, and yelled obscenities. Taylor has not claimed any physical injury resulting from that alleged conduct. Taylor instead essentially seeks relief for the emotional distress and fear that the conduct allegedly caused. A prisoner's emotional distress arising from having a gun pointed at him is not a compensable injury under 42 U.S.C. § 1983 absent a showing of physical injury.[38] Therefore, Taylor's claims, even if accepted as true, are frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c), and must be dismissed with prejudice.

---

[34] *Id.* at p. 6.

[35] 42 U.S.C. § 1983.

[36] *See Gonzales v. Flanagan*, 102 F. App'x 404, 404 (5th Cir. 2004) (affirming qualified immunity for officer who had objectively reasonable basis for withdrawing her weapon and where plaintiff suffered no injury as a result of the show of force); *Hinojosa v. City of Terrell*, 834 F.2d 1223, 1229-30 (5th Cir. 1988) (reversing jury verdict against officer where plaintiff offered no evidence of physical injury; noting that plaintiff's only potential injury, "temporary emotional distress, simply does not rise to a level that can be redressed for such a claim under section 1983").

[37] Rec. Doc. 21 (citing *Hinojosa*, 834 F.2d at 1229-30).

[38] *Hinojosa*, 834 F.2d at 1230.

### *3. Taylor's Right to Transfer to Another Institution*

Finally, the magistrate judge correctly noted that Taylor has no constitutional right to be housed in any particular prison or to be transferred to another facility.[39] The law is clear that a prisoner "has no constitutional right to be incarcerated in the facility of his choice."[40] Taylor's request to be transferred therefore is frivolous and must be denied.

## IV. Conclusion

For the foregoing reasons, the Court finds that Taylor's complaint is time-barred and thus fails to state a claim upon which relief may be granted and even if the complaint had been filed timely, the claims are frivolous and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c). Accordingly,

**IT IS HEREBY ORDERED** that Taylor's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation issued by the magistrate judge;

**IT IS FURTHER ORDERED** that Taylor's complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this ___23rd___ day of October, 2013.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Id.* at p. 6.

[40] *Thomas v. Pearson*, 342 F. App'x 21, 22 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983)).